### STATE v. RIALTO WILLIAM FARRINGTON.

(Filed 2 December, 1964.)

APPEAL by defendant from *Crissman, J.,* March 11, 1963 Criminal Session of GUILFORD (High Point Division).

Defendant was tried in the criminal division of the High Point Municipal Court upon a warrant charging that on December 27, 1962, he wilfully and unlawfully operated an automobile on South Wrenn Street, a public highway within the city limits of High Point, while under the influence of intoxicating liquors. Upon conviction and sentence, he appealed to the Superior Court, where he was tried *de novo* upon a plea of not guilty. The verdict was guilty as charged in the warrant. From a judgment that defendant pay a fine of $125.00 defendant appeals.

*Attorney General Bruton; Assistant Attorney General Ray B. Brady; and Staff Attorney L. P. Hornthal, Jr., for the State.*
*Boyan & Wilson for defendant.*

PER CURIAM. The State's evidence was fully sufficient to support the verdict. Defendant offered no evidence. He was arrested immediately after he parked his automobile and attempted to walk down South Wrenn Street. Two police officers who observed him on the occasion in question testified, after describing his appearance, speech, and manner of walking, that in their opinion defendant was appreciably under the influence of an intoxicant. One said, "(H)e was drunk, plain drunk."

When asked why he was driving a car in his condition, defendant replied, according to the officer, "that he could not very well walk."

The assignment of error directed to the court's refusal to sustain defendant's motion for judgment as of nonsuit is overruled. The assignments addressed to the charge are likewise without merit. The remaining assignments do not charge errors which, in our opinion, could have affected the verdict. The burden is on the defendant to show not only error but also prejudicial error. *State v. Gibson*, 233 N.C. 691, 65 S.E. 2d 508.

No error.